IN THE UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

In re:

DONALD PAUL SMITH

Case No.: 05-22051
Chapter 11

Debtor

**MOTION OF DEBTOR TO SELL ALL STOCK AND OWNERSHIP INTEREST IN CERTAIN CORPORATIONS FREE AND CLEAR OF LIENS AND ENCUMBRANCES**

NOW comes the Debtor, Donald Paul Smith, by and through its undersigned counsel, pursuant to Sections 105(a), 363(b) and (f) and 365 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002(a), 4001(d), 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and respectfully moves this Court for entry of a final order under Bankuptcy Code Sections 105, 363 and 365 approving the sale and assignment of all of the Debtor's stock and ownership interest in Carl E. Smith Inc., Carl E. Smith Petroleum, Inc., and Carl E. Smith Real Estate Inc., free and clear of liens, claims and encumbrances. In support of this Motion, the Debtor respectfully represents as follows:

1. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 8, 2005. Donald Paul Smith remains in possession and control of his assets and business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee has been appointed in the Chapter 11 Case.

2. Pursuant to 28 U.S.C. §§ 157 and 1334, the Court has jurisdiction over this Motion, which is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Chapter 11 case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for relief requested herein are Sections 105(a), 363(b) and (f), and 365 of the Bankruptcy Code and Rules 2002(a), 4001(d), 6004, 6006 and 9014 of the Bankruptcy Rules. The Debtor has continued thereafter as a debtor in possession. No trustee has been appointed in this case.

3. The Debtor owns or may own an equitable interest in Carl E. Smith Inc. (CESI); Carl E. Smith Petroleum Inc. (CESP) and/or Carl E. Smith Real Estate Inc. (CESR). All three of these companies have filed for protection under the Bankruptcy Code in

the Bankruptcy Court for the Southern District of West Virginia. The bankruptcy cases for CESI, CESP and CESR have been consolidated and the case is 03-22274. Robert L. Johns has been appointed the Chapter 11 Trustee in the consolidated case.

4. On May 8, 2008 in the courtroom for the United States Bankruptcy Court in Charleston, the Trustee in the consolidated case conducted an auction of substantially all of the assets of CESI, CESR and CESP. Several parties submitted bids at the auction, and the highest bid was $15.3 million.

5. The Trustee and other parties in the consolidated case analyzed the results of the bidding and concluded that no money would remain in the estate for the benefit of shareholders of CESI, CESP or CESR. All of the money would be paid to creditors in the consolidated case. Accordingly, the bankruptcy estate of Donald Paul Smith would not receive a benefit from the sale.

6. As an alternative to the asset sale, a shareholder of CESI, CESP and/or CESR, filed and advocated for a plan of reorganization in the consolidated case. The most recent version of the plan and the disclosure statement was filed in the consolidated case on June 17, 2008. The plan shall be funded by New Concept Energy Incorporated. The plan provides for the reorganization of the consolidated debtors and payment of all creditor claims (in full or pursuant to agreed terms arrived at among some of the creditors). The plan also provides for potential distributions to the shareholders, including Donald Paul Smith.

7. In exchange for the sale and assignment by Donald Paul Smith of his stock and ownership interest in CESI, CESP and CESR free and clear of liens, Donald P. Smith and/or his bankruptcy estate shall be benefitted as follows:

- a. New Concept shall assign a life insurance policy payable on the life of Donald Paul Smith with a cash value of $40,000.

- b. The Reorganized Debtor shall create a trust for the benefit of the IRS and Donald Paul Smith (and/or his bankruptcy estate) of $1 million, with an initial payment of $120,000 at the time of confirmation, and $1,000 per week thereafter for 980 weeks. The trust and all payments to it are subject to offset by New Concept and the reorganized debtor to the extent that administrative claims in the consolidated case exceed $500,000. The trust shall be payable first to the Internal Revenue Service if the IRS's priority tax claims against the consolidated debtor exceed the IRS' filed claims of the

IRS. After the IRS's tax claims are finally liquidated and paid from the trust, the remainder of the trust shall be paid to Donald P. Smith or his bankruptcy estate.

    c.    The Reorganized Debtor shall create a second trust. The beneficiary of the trust is the IRS, and then after the IRS claim is paid, Donald Paul Smith and/or his bankruptcy estate shall have a 75% share. The trust shall be funded by free cash flow of the business operation as defined in the plan. The total amount paid to the trust shall be $1 million not later than 7 years of confirmation; however, the trust and all payments to it are subject to offset to the extent that administrative claims in the consolidated case exceed $500,000, and the trust funds shall be payable first to the Internal Revenue Service if the IRS's priority tax claims against the consolidated debtor exceed the IRS' filed claims of the IRS. After the IRS's tax claims are finally liquidated and paid from the trust, a 75% share of the remainder of the trust shall be paid to Donald P. Smith or his bankruptcy estate.

    8.    The payments to Donald P. Smith or his bankruptcy estate respecting the life insurance policy confers a value of $40,000 to his personal bankruptcy case. The trusts may or may not represent a value to his bankruptcy estate. The value of the trusts depends upon the amount of administrative claims allowed in the consolidated case and also the trusts may be depleted to the extent that the IRS claim in the consolidated case for priority taxes exceeds the filed IRS claims, after final liquidation of those taxes.

    9.    The plan of reorganization confers value to the estate of Donald P. Smith. The assets sale would confer no value to the Donald P. Smith estate.

    10.    Section 363(b) of the Bankruptcy Code provides that debtors-in-possession after notice and a hearing may use, sell or lease, other than in the ordinary course of business property of the estate. The decision to sell assets is left to the business judgment of the debtor. Where, as here, there is an articulated business justification for selling debtor's property outside of the ordinary course of business, courts should generally permit such a sale. See In re Gucci, 126 F.3d 380, 387 (2nd Cir. 1997); Stephens Industries, Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986); In re Lady H Coal Co., Inc., 193 B.R. 233, 243 (Bkrtcy.S.D. W.Va. 1996).

11.  In this case there is ample business justification to permit a sale of the Debtor's assets.  In its sound, independent business judgment, Donald Smith has determined that a sale of his stock interest in CESI, CESP and CESR to New Concept is the best and most reliable method of obtaining value for his interest in these bankruptcy companies.

12.  The Debtor believes that the sale proposed herein is the better alternative to the sale of assets of CESI, CESR and CESP because the asset sale would confer no benefit to the Debtor or the estate.  It is in the best interest of the creditors of his estate and the Debtor's goal of paying his creditors.

13.  Section 363(f) of the Bankruptcy Code permits a debtor-in-possession to sell its property free and clear of any interest in such property, provided that the holder of such interests consents to the sale or that the proceeds from such sale will be "greater than the aggregate value of all liens on such property." The Debtor has no known liens against the assets to be sold. Notice of the transaction will be provided to all parties in interest.

Wherefore Donald Paul Smith respectfully requests this Court enter a final order under Bankruptcy Code Sections 105, 363 and 365 approving the sale of Debtor's stock and ownership interest in CESI, CESP and CESR to New Concept Energy Incorporated, free and clear of liens, claims and encumbrances.

>Respectfully submitted,
>
>**Donald Paul Smith**
>
>By counsel

/s/ Joseph W. Caldwell
Joseph W. Caldwell [#586]
Caldwell & Riffee
PO Box 4427
Charleston, WV 25304
(204) 925-2100