IN THE UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

In re:

DONALD PAUL SMITH                     Case No.: 05-22051
                                      Chapter 11
            Debtor

ORDER GRANTING DEBTOR'S MOTION TO SELL ALL
STOCK AND OWNERSHIP INTEREST IN CERTAIN CORPORATIONS
FREE AND CLEAR OF LIENS AND ENCUMBRANCES

On July 29, 2008, the Court convened a hearing on the Debtor's Motion for an order approving the sale and assignment of all of the Debtor's stock and ownership interest in Carl E. Smith Inc., Carl E. Smith Petroleum, Inc., and Carl E. Smith Real Estate Inc., free and clear of liens, claims and encumbrances. Appearing were Joseph Caldwell, counsel for the Debtor; Debra Wertman for the United States Trustee; Steven L. Thompson, for Larry Smith, Dean Ann Cox and the Smith Family Claimants; and James W. Lane, Jr., counsel for New Concept Energy, Inc. No objections to the motion were filed with the Court.

At the hearing, the Smith Family Claimants, the largest creditor against the estate, announced that they endorsed the sale of the stock, but only if the Court also confirmed the Plan of Reorganization filed in the Carl E. Smith, Inc., Case No. 03-2227 (confirmation of the said plan was also calendared for the same date and time as this hearing). Under the said Plan, the Smith Family Claimants shall receive the sum of $7 million in full satisfaction and release of their judgment and claims against the Debtor, and the Court found that this aspect of the Debtor's proposed stock sale is of particular importance and value to the estate and to the Debtor. The Court accepted the contingent endorsement of the Smith Family Claimants to the motion, and the Court notes that the Court in fact did, and by order entered simultaneously with this order, does approve the confirmation of the Plan of Reorganization in Case No. 03-22274.

The parties announced that the consideration to be paid by New Concept for the stock has been modified since the Motion was filed, at the request of the United States Trustee. Originally, and as set forth in the Motion, the Debtor's estate is be the beneficiary of two trusts to be funded by the Reorganized Debtor in the Carl E. Smith, Inc. bankruptcy case no. 03-22274, pursuant to the Plan of Reorganization. The funds in the trusts and to be paid in to the trusts were subject to offsets resulting from administrative expenses claims in case no. 03-22274 exceeding a threshold dollar



amount, and also Internal Revenue Service claims exceeding a threshold dollar amount. The offsets promised to delay payments to the trusts for a number of years, and gave rise to the possibility that the trusts would never be funded.

The payment of consideration was revised so that New Concept would pay the first $120,000 payable to the Donald Smith estate prior to application of the set off provisions. The $120,000 shall be paid to Joseph Caldwell, counsel for the Debtor, who shall hold the funds in trust pending further order of the Bankruptcy Court in this case. The funds so paid shall be held by the estate exclusively for the benefit of general unsecured creditors and distributed to general unsecured creditors at the appropriate time. The amount to be paid into the trusts is correspondingly reduced. Further, the joint trust for the benefit of Donald Smith and Eddie Burl Smith, in the amount of $1 million, is to be divided into equal shares of 50% each to accord with those shareholders' equal ownership of the stock that is to be transferred. The change in the terms of the payment of consideration, as set forth above, is advantageous to the bankruptcy estate because it guarantees that $120,000 will be paid to the estate.

The Court finds as follows:

1. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 8, 2005. Donald Paul Smith remains in possession and control of his assets and business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee has been appointed in the Chapter 11 Case.

2. Pursuant to 28 U.S.C. §§ 157 and 1334, the Court has jurisdiction over this Motion, which is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Chapter 11 case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for relief requested herein are Sections 105(a), 363(b) and (f), and 365 of the Bankruptcy Code and Rules 2002(a), 4001(d), 6004, 6006 and 9014 of the Bankruptcy Rules.

3. Notice of the Motion has been given to all parties who are entitled to notice under the circumstances and such notice is good and sufficient notice pursuant to the applicable provisions of the Bankruptcy Code and rules relating thereto, including, without limitation 11 U.S.C. §§ 102, 363 and 365 and Fed. R. Bankr. P. 2002, 6004 and 9006.

3. The Debtor owns or may own stock and/or equity interests and/or ownership interests in Carl E. Smith Inc. (CESI); Carl E. Smith Petroleum Inc. (CESP) and/or Carl E. Smith Real Estate Inc.

(CESR) (the "Stock"). All three of these companies have filed for protection under the Bankruptcy Code in the Bankruptcy Court for the Southern District of West Virginia. The bankruptcy cases for CESI, CESP and CESR have been consolidated and the case is 03-22274. Robert L. Johns has been appointed the Chapter 11 Trustee in the consolidated case.

4. No liens against the Debtor's Stock is scheduled and no parties have asserted to have liens against the stock.

5. The sale of stock to New Concept Energy Inc. provides for actual and potential distributions to the estate of Donald Paul Smith. A valid business purposes exists for authorizing the sale, and the same is in the best interests of the Debtor, the creditors and this estate.

6. In exchange for the sale and assignment by Donald Paul Smith of his Stock free and clear of liens, Donald P. Smith and/or his bankruptcy estate shall be benefitted as follows:

a. New Concept shall assign a life insurance policy payable on the life of Donald Paul Smith with a cash value of $40,000; and shall pay $120,000 to Joseph Caldwell who shall hold the money in his trust account for the benefit of unsecured creditors.

b. The Reorganized Debtor shall create a trust for the benefit of the IRS and Donald Paul Smith (and/or his bankruptcy estate) of $880,000, to be funded by $1,000 per week for 880 weeks, beginning at the time of confirmation of the plan of reorganization in Case No. 03-22274. The trust and all payments to it are subject to offset by New Concept and the reorganized debtor to the extent that administrative claims in the consolidated case exceed $500,000. The trust shall be payable first to the Internal Revenue Service if the IRS's priority tax claims against the consolidated debtor exceed the IRS' filed claims of the IRS. After the IRS's tax claims are finally liquidated and paid from the trust, the remainder of the trust shall be paid to Donald P. Smith or his bankruptcy estate.

c. The Reorganized Debtor shall create a second trust. The beneficiary of the trust is the IRS, and then after the IRS claim is paid, Donald Paul Smith and/or his bankruptcy estate shall have a 50% share. The trust shall be funded by 75% of free cash flow of the business operation as defined in the plan. The total amount paid

to the trust shall be $1 million not later than 7 years of confirmation; however, the trust and all payments to it are subject to offset to the extent that administrative claims in the consolidated case exceed $500,000, and the trust funds shall be payable first to the Internal Revenue Service if the IRS's priority tax claims against the consolidated debtor exceed the IRS' filed claims of the IRS. After the IRS's tax claims are finally liquidated and paid from the trust, a 50% share of the remainder of the trust shall be paid to Donald P. Smith or his bankruptcy estate.

10. Section 363(b) of the Bankruptcy Code provides that debtors-in-possession after notice and a hearing may use, sell or lease, other than in the ordinary course of business property of the estate. The decision to sell assets is left to the business judgment of the debtor. Where, as here, there is an articulated business justification for selling debtor's property outside of the ordinary course of business, courts should generally permit such a sale. See In re Gucci, 126 F.3d 380, 387 (2nd Cir. 1997); Stephens Industries, Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986); In re Lady H Coal Co., Inc., 193 B.R. 233, 243 (Bkrtcy.S.D. W.Va. 1996).

11. In this case there is ample business justification to permit a sale of the Debtor's assets. In its sound, independent business judgment, Donald Smith has determined that a sale of his stock interest in CESI, CESP and CESR to New Concept is the best and most reliable method of obtaining value for his interest in these bankruptcy companies.

12. Section 363(f) of the Bankruptcy Code permits a debtor-in-possession to sell its property free and clear of any interest in such property, provided that the holder of such interests consents to the sale or that the proceeds from such sale will be "greater than the aggregate value of all liens on such property." The Debtor has no known liens against the assets to be sold.

ACCORDINGLY IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Motion is granted.

2. The Debtor is hereby authorized to execute and perform under the terms of the motion, the agreement to sell the Debtor's stock is valid, and approved, and binding upon the Debtor and his bankruptcy estate.

3. The Debtor is authorized pursuant to 11 U.S.C. §§ 363(b)

and (f) to transfer and convey to New Concept Energy Inc., or its designee, all of Debtor's stock and ownership interest in Carl E. Smith, Inc., Carl E. Smith Petroleum, Inc. and Carl E. Smith Real Estate, Inc., free and clear of all liens, claims, encumbrances and interests of any kind or nature, whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, material or nonmaterial, known or unknown, and including all claims based on any theory that Buyer is a successor, transferee or continuation of the Debtor or its business.

4. The Debtor is authorized and directed to execute, acknowledge and deliver such deeds, assignments, bills of sale, conveyances and other assurances, documents, and instruments of transfer and take such other action that may be reasonably necessary to perform the terms and provisions of the conveyance and Motion and shall take any other action that may be reasonably requested by New Concept for purposes of assigning, transferring, granting, conveying and confirming to New Concept, or reducing to possession, any or all of the stock certificates or other evidence of Debtor's equity interests in any of the Carl E. Smith companies to which this Order pertains, all without further Order of this Court.

5. From and after entry of this Order, the Debtor, its creditors, the parties in interest, and each of them, shall not take or cause to be taken any action which would interfere with the transfer, assignment and conveyance of the Stock. All persons or entities, who either presently, or on the closing date, are in possession of any certificates or other evidence of the Stock are directed to surrender possession of such things to New Concept at the closing.

Accordingly, it is so **ORDERED**.

AUG 0 5 2008

_____
Ronald G. Pearson, Judge

/s/ Joseph W. Caldwell
Joseph W. Caldwell [#586]
Caldwell & Riffee
PO Box 4427
Charleston, WV 25304
(204) 925-2100