IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IN RE:

DONALD PAUL SMITH

Case No.: 05-22051
Chapter 11

THOMAS FLUHARTY,
TRUSTEE,

Plaintiff,

v.

AP Case No.: 4:09-ap-_____

JUDITH SMITH and
JACLYN SMITH TILLMAN

Defendants.

## COMPLAINT

Now comes the Plaintiff, by counsel, and for his complaint states as follows:

1. This is a civil proceeding arising under and in or related to a bankruptcy case pending under Title 11 of the United States Code. This Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1334. This is a core proceeding as defined in 28 U.S.C. §157.

2. The debtor, Donald P. Smith ("Debtor") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code ("Code") on July 8, 2005, and Thomas H. Fluharty was appointed Chapter 11 Trustee for the bankruptcy estate.

3. The Defendant, Judith Smith is an individual currently residing at 1701 Highway 64, West, Shelbyville, Tennessee, 37160.

4. The Defendant, Jaclyn Smith Tillman is an individual currently residing at 1701 Highway 64, West, Shelbyville, Tennessee, 37160.

5. On information and belief, one of the substantial assets of the estate of Donald P. Smith is a farm located in Bedford County, Tennessee, known as Blackhawk Farm.

6. On information and belief, Donald Smith and his wife, Defendant Judith Smith purchased this farm, consisting of three tracts; the first tract being 37.25 acres by deed dated January 28, 1998, and duly recorded in official records in Bedford County, Tennessee in book 223 at page 603; the second tract being 6.07 acres by deed dated February 12, 1999, and duly recorded in official records in Bedford County, Tennessee in book 245 at page 74; and 84.44 acres by deed dated October 11, 2001, and duly recorded in official records in Bedford County, Tennessee in book 245 at page 451.

7. That debtor, Donald P. Smith thereafter transferred his interests in the aforementioned real property to Judith Smith and Jaclyn Smith Tillman on or about September 17, 2003. Said transfer by quitclaim deeds being 37.25 acres by deed duly recorded in official records in Bedford County, Tennessee in book 263 at page 115; the second tract being 6.07 acres by deed duly recorded in official records in Bedford County, Tennessee in book 263 at page 106; and 84.44 acres by deed duly recorded in official records in Bedford County, Tennessee in book 263 at page 109. Said quitclaim deeds were recorded on June 25, 2004.

8. On information and belief, Debtor may have transferred other assets to the Defendants including, but not limited to, farm implements and horses.

9. Thereafter, Defendants sold and deeded a portion of their interests in the aforementioned real property to the McLaughlin Family Limited Partnership by warranty

deeds dated October 5, 2004 duly recorded in official records in Bedford County, Tennessee in book 265 at page 71 and book 265 at page 171.

10. Defendants sold and deeded the remainder of their interests in the aforementioned real property to William R. Hyneman by warranty deed dated May 27, 2005 duly recorded in official records in Bedford County, Tennessee in book 269 at page 903.

11. The total price for the sale of the real property was $2.3 million dollars. Part of the consideration paid by Mr. Hyneman to Defendants for this purchase was a racehorse named RPM.

12. Said race horse subsequently died in July, 2005.

13. There is currently pending in the Circuit Court of Tennessee for the Seventeenth District Judicial District of Shelbyville a civil action filed by Defendant Jaclyn Smith Tillman to recover insurance proceeds for the death of RPM.

14. On information and belief, the Defendants used the proceeds from these sales to purchase a farm known as Blackhawk Farm II. Said farm consisting of 45.17 acres granted to Defendants by Dwayne Sullivan by deed dated June 7, 2005 and duly recorded in official records in Bedford County, Tennessee in book 270 at page 108.

15. On information and belief, the Debtor may have transferred other assets of the Debtor to Defendants Judith Smith and Jaclyn Smith Tillman within seven years before the filing of this bankruptcy case.

16. On information and belief, Defendants received the Debtor's interest in the aforementioned real and personal property for no value in exchange which constituted a transfer with actual intent to hinder, delay and defraud creditors of the Debtor.

17. Alternatively, on information and belief, the conveyance of the Debtor's interest in the aforementioned real and personal property and other assets of the Debtor to the Defendants constituted a transfer made by the Debtor without receiving a reasonably equivalent value in exchange therefore, and the Debtor was insolvent at those times or became insolvent as a result of the transfer.

18. On information and belief, the conveyance of the Debtor's interest in the aforementioned real and personal property and other assets of the Debtor to the Defendants constitutes a transfer fraudulent to creditors under Tenn. Code § 66-3-305, Tenn. Code § 66-3-306 and 11 U.S.C. § 548.

19. On information and belief, the conveyance of the Debtor's interest in the aforementioned real and personal property and other assets of the Debtor to the Defendants may be avoided by the Trustee under the provisions of Tenn. Code § 66-3-308(a), 11 U.S.C. § 544(b) and 11 U.S.C. § 548.

20. On information and belief, the transfers described above was to or for the benefit of the Defendants, Judith Smith and Jaclyn Smith Tillman.

21. On information and belief, under 11 U.S.C. § 550, the Trustee may recover for the benefit of the Debtor's estate the Debtor's interest in the aforementioned real and personal property and other assets of the Debtor conveyed to the Defendants, Judith Smith and Jaclyn Smith Tillman; and /or the proceeds of the sale of the real property referred to in paragraph 9 and 10 including, but not limited to, Blackhawk Farm II and the insurance proceeds from the death of RPM.

22. Accordingly, the Trustee is entitled to the entry of an order avoiding the transfers made by the Debtor and avoiding Judith Smith's and Jaclyn Smith Tillman's claimed

interest in the Debtor's interest in the aforementioned real property, personal property, insurance proceeds and other assets of the Debtor.

**Thomas Fluharty,**
**By Counsel**

/s/ Josef A. Horter
Robert L. Johns (#5161)
Josef A. Horter (#1790)
**Turner & Johns, PLLC**
216 Brooks Street, Suite 200
Charleston, WV 25301