IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IN RE: )
)
Smith, Donald Paul ) CASE NO. 05-22051
)
    Debtor. ) Chapter 7
)

**MOTION TO SELL PROPERTY
AND NOTICE OF UPSET BID PROCEDURES**

Thomas H. Fluharty (the "Trustee") respectfully submits this Motion for an order pursuant to 11 U.S.C. §§ 105(a), 363, 704, and Fed. R. Bankr. P. 2002, and 6004 to approve the sale of the bankruptcy estate's interest in property, and to approve the notice of the auction and bid procedures set forth herein. In support of this Motion, the Trustee states:

**A. BACKGROUND**

1. The Debtor[1] filed a petition under Chapter 11 of the Bankruptcy Code on July 8, 2005, (the "Petition Date"), which converted to a Chapter 7 bankruptcy petition on October 27, 2010.

2. An asset of the bankruptcy estate is real property commonly described as 19.1 acres located Sandyville, Jackson County, West Virginia, (the "Property").

3. As of the Petition Date, the Debtor valued the Debtor's interest in Property at $7,500.00.

4. Secured claims against the property are as follows:

| Creditor | Type of Lien (e.g., deed of trust, mortgage, statutory, judicial) | Approximate Balance owed as of the time of the filing of the Motion |
|---|---|---|
| None | | |

5. Real property taxes for the years of 2008 are due and owing to the State Auditor, Charleston, West Virginia, in the approximate amount of $1,056.00.

---

[1] As used herein, the term "Debtor" shall include a single debtor or joint debtors, as the case may be.

B.   **THE SALE**

6.  Subject to the Upset Bid Procedures set forth below, The Trustee has received two (2) bid proposals on the Property, the first is from Cecil J. Hinzman for $10,000.00, and the second proposal is from Samuel E . Taylor for $10,000.00. The Trustee believes that a hearing is necessary in order to have an auction to facilitate the sale of the property. The Trustee proposes to sell the property to Cecil J. Hinzman, subject to upset bids. Mr. Hinzman made the first offer on the real estate.

7.  The Buyers are not insiders of the Debtor, and the sale represents an arms-length transaction between the parties, made without fraud, collusion, and no attempt has been made by either party to take any unfair advantage of the other. The Buyers are purchasing the Property in good faith pursuant to 11 U.S.C. § 363(m).

8.  From the sale proceeds, the Trustee proposes to pay the costs of the sale, including reasonable attorney's fees, commissions, and taxes. In addition, the Trustee proposes to pay all creditors that have an undisputed secured interest in the property, in order of priority, as of the date of closing. Any co-owner will be paid the co-owner's interest in the property at closing, or as soon as practicable thereafter, pursuant to 11 U.S.C. § 363(j). The Debtor is entitled to an exemption in the amount of $0.00 from the net proceeds realized from the sale of the Property.

9.  The sale of the Property is being made free and clear of any interest in the Property held by an entity other than the estate pursuant to 11 U.S.C. § 363(f) because either: (1) applicable non-bankruptcy law permits the sale of the Property free and clear of such interests; (2) such entity consents to the sale; (3) such interest is a lien and the price at which the Property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceedings, to accept a money satisfaction of such interest.

10. In the event that the Property is co-owned, the sale of the Property is proper pursuant to 11 U.S.C. § 363(h) because: (1) partition in kind of such property among the estate and such co-owners is impracticable; (2) the sale of the estate's undivided interest in the Property would realize significantly less for the estate than a sale of the Property free and clear of the interest of co-owners; (3) the benefit to the estate of a sale of the Property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and (4) the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power. The co-owner has consented to the property being sold by the Trustee.

### C. OBJECTION

11. Any party that objects to the motion to sell must file a written objection with the Bankruptcy Court, at Southern District: 300 Virginia Street East Room 3200, Charleston, WV 25301, the United States Trustee, at 2025 United States Courthouse, 300 Virginia Street East, Charleston, WV 25301, and the Chapter 7 Trustee, 408 Lee Avenue, Clarksburg, WV 26301 within the notice period issued by the Bankruptcy Court Clerk. The written objection shall set out the specific grounds for objection and will be heard at the hearing.

### D. UPSET BID PROCEDURES

12. Any party interested in purchasing the Property (an "Upset Bidder") should file a notice of an upset bid with the Bankruptcy Court and serve the United States Trustee and Chapter 7 Trustee with copies of such notice (at the addresses listed above) within the time set by the Bankruptcy Court Clerk. The Upset Bidder shall submit to the undersigned Trustee an offer, in writing, in an amount equal to the Alternative Minimum Bid (defined below), and submit information demonstrating the financial wherewithal of the Upset Bidder to consummate the proposed transaction and shall be heard at the hearing.

13. The Trustee has set the day and time of the hearing to be on May 4, 2011 at 1:30 P.M. at the Robert C. Byrd Federal Courthouse, 300 Virginia St, East, 6th Floor, Courtroom A, Charleston, West Virginia 25301. The Trustee will select the bid, or combination of bids, at the conclusion of the hearing that the Trustee believes to be the highest or best value for the Property (the "Winning Bidder"). The Trustee reserves the right to select the best bid, even if not the highest bid. The Winning Bidder must complete and sign all agreements or other documents with the Trustee evidencing and containing the terms and conditions on which the winning bid was made before the hearing is concluded.

14. If a bidder at the hearing objects to the Trustee's selection of the Winning Bidder, then that bidder may submit a bid under protest at the hearing and shall have standing to file an objection to sale to contest the Trustee's determination. The objection must be in writing and be filed with the Bankruptcy Court, United States Trustee and Chapter 7 Trustee (at the addresses listed above). If an objection to sale is filed, the Bankruptcy Court shall set the objection for hearing.

15. If for any reason the Winning Bidder fails to consummate the sale of the Property, the offeror of the second highest or best bid (subject to the same reservations) will automatically be deemed to have submitted the highest and best bid, and the Trustee

is authorized to effect the sale of the Property to such offeror without further order from the bankruptcy court. If such failure to consummate the purchase of the Property is the fault of the Winning Bidder, the Winning Bidder's deposit, if any, shall be forfeited to the Trustee, and the Trustee specifically reserves the right to seek all available damages from the defaulting bidder.

16. The Trustee reserves the right to: (1) impose, at or prior to the Auction, additional terms and conditions on a sale of the Property; (2) extend the deadlines from those set forth herein, adjourn the auction at the auction; (3) withdraw the Property, or any part of the Property, from sale at any time prior to or during the auction, and to make subsequent attempts to market the same; and (4) reject all bids if, in the Trustee's reasonable judgment, no bid is for a fair and adequate price.

**D. RELIEF REQUESTED**

**WHEREFORE**, the Trustee requests:

A. That the Clerk's Office issue a notice to all interested parties of the filing of the Motion to Sell and the Notice of Auction and Bid Procedures pursuant to Fed. R. Bankr. P. 2002(a)(2), (c)(1), (k) and 6004(a).

B. That the Court enter an Order, submitted by the Trustee, in the absence of any timely filed objection to the sale motion, which:

   1. Authorizes the Trustee to sell the Property;

   2. Approves the sale of the Property pursuant to 11 U.S.C. § 363(b), (f), (h), (m) and Fed. R. Bankr. P. 6004;

   3. Declares that all liens against the Property attach to the proceeds of the sale;

   4. Approves the payment of sale proceeds to: (1) the costs of sale; (2) the satisfaction of liens in the Property in order of priority; (3) the satisfaction of any co-owner's interest; (4) the satisfaction of the Debtor's exemptible interest in the property; and (5) the Trustee for payment to allowed claims filed in the Debtor's bankruptcy case.

   5. Waiving the 10-day stay of the order approving the sale under Fed. R. Bankr. P. 6004(h);

   6. Requiring the Chapter 7 Trustee to file a final report of sale with

the Court in accordance with Fed. R. Bankr. P. 6004(f).

7. Granting such other relief that the court deems just and proper.

Respectfully submitted,

   /s/   Thomas H. Fluharty
Thomas H. Fluharty, Trustee
WV Bar No.: 1231
408 Lee Avenue
Clarksburg, WV 26301
(304) 624-7832

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above-referenced Motion was served on the parties that receive electronic notification in these proceedings. The Motion was also served on the parties listed below via U.S. Mail, postage prepaid, on     April 7, 2011     .

Donald Paul Smith
Route 2, Box 59
Sandyville, WV 25275-9709

Debtor


Cecil J. Hinzman
Rt. 2, Box 192
Sandyville, WV 25275


Samuel E. Taylor
P.O. Box 97
Sandyville, WV 25275


InfiBank, NA
c/o Becket & Lee, LLP
P.O. Box 3001
Malvern, PA 19355-0701


Jackson Kelly, PLLC
P.O. Box 553
Charleston, WV 25322-0553


The Ohio Valley Bank Company
420 Third Avenue
Gallipolis, OH 45631-1135


United States of America
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

Allen Guthrie McHugh & Thomas, PLLC
Post Office, Box 3394
Charleston, WV 25333-3394


Bank of America
P.O. Box 1758
Newark, NJ 07101-1758


Beneficial
352 W. Northfield Blvd, Suite 1C
Murfreesboro, TN 37129-1539


Branch of Reorganization
Atlanta District Office
U.S. Securities & Exchange Comm
3475 Lenox Rd N# Suite 1000
Atlanta, GA 30326-3235


Capital One
P.O. Box 60024
City Industry, CA 91716-0024


Cardmember Services
First USA Bank, NA
P.O. Box 15153
Wilmington, DE 19886-5153


Carl E. Smith, Inc.
Carl E. Smith Real Estate
by & through Unsecured Creditors
William F. Dobbs & Scott E. Barnette
Jackson & Kelly, PLLC
P.O. Box 553
Charleston, WV 25322-0553

Chase Bank USA, N.A.
c/o Weinstein & Riley, P.S.
2101 4th Avenue, Suite 900
Seattle, WA 98121-2339


Dinsmore & Shohl, LLP
c/o David M. Thomas, Esq.
215 Don Knotts Blvd, Suite 310
Morgantown, WV 26501-6734


Discover Financial Services
P.O. Box 3025
New Albany, OH 43054-3025


Estate of Carl E. Smith, Inc.
c/o Hoyer, Hoyer & Smith
#8 Capitol Street
Charleston, WV 25301-2843


Internal Revenue Service
Centralized Insolvency Operations
Post Office Box 7346
Philadelphia, PA 19101-7346


Larry D. Smith
c/o. Edward D. McDevitt
P.O. Box 1386
Charleston, WV 25325-1386


Ohio Valley Bank
P.O. Box 240
Gallipolis, OH 45631-0240


Raymond Beadle
4103 Brook Tree Lane
Dallas, TX 75287-6719

Charles Jones, Esquire
300 Summers St, Suite 810
Post Office Box 2393
Charleston, WV 25328-2393


United Bankcard Center
514 Market Street
Parkersburg, WV 26101-5144


WV Dept Tax & Revenue
P.O. Box 229
Charleston, WV 25321-0229


WV State Tax Division
P.O. Box 766
Charleston, WV 25323-0766


WesBanco
Washington Street
Ravenswood, WV 26164


Served electronically on:

Joseph W. Caldwell
joecaldwell@verizon.net

Counsel for Debtor


Office of the U.S. Trustee
ustpregion04.ct.ecf@usdoj.gov


   /s/   Thomas H. Fluharty
  Thomas H. Fluharty, Trustee
  WV Bar No.: 1231